CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 3, 2014

LETTER TO COUNSEL:

    RE:    *Pauline Jones v. Commissioner, Social Security Administration*;
            Civil No. SAG-13-2010

Dear Counsel:

    On July 11, 2013, the Plaintiff, Pauline Jones, petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the Commissioner's motion for summary judgment. (ECF No. 15). Ms. Jones, who appears *pro se*, has not filed a motion for summary judgment or an opposition to the Commissioner's motion. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

    Ms. Jones filed her claims on October 19, 2010, alleging disability beginning on August 30, 2010. (Tr. 145-52). Her claims were denied initially on January 7, 2011, and on reconsideration on April 7, 2011. (Tr. 88-92, 95-98). A hearing was held on June 20, 2012 before an Administrative Law Judge ("ALJ"), at which Ms. Jones was represented by counsel. (Tr. 25-50). Following the hearing, on June 29, 2012, the ALJ determined that Ms. Jones was not disabled during the relevant time frame. (Tr. 14-20). The Appeals Council denied Ms. Jones's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that during the relevant time period, Ms. Jones suffered from the severe impairments of status post crush injury to the left foot, sleep apnea, arthritis of both knees, fibromyalgia, diabetes mellitus, and obesity. (Tr. 16). Despite these impairments, the ALJ determined that Ms. Jones retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that she can only occasionally climb stairs or crouch, and she should avoid ladders, kneeling and crawling." (Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jones could perform past relevant work as a cashier and hostess. (Tr. 20).

Ms. Jones, who appears *pro se*, has not filed a motion in support of her appeal. I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ's sequential evaluation appears to address, at step two, each of the impairments Ms. Jones suffered during the relevant time frame. As noted above, the ALJ concluded that several of Ms. Jones's impairments were severe. Moreover, she was obese during the relevant time frame. The ALJ cited to the medical exhibits supporting her evaluation of Ms. Jones's severe impairments. (Tr. 16) (citing exhibits 1F-8F and 11F-14F). She also evaluated Ms. Jones's complaints of chest pain, but ultimately found the chest pain to be non-severe. (Tr. 17). After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Jones's ability to work. *See* 20 C.F.R. §§ 404.1523; 416.923. Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Jones's impairments did not meet the specific requirements of, or medically equal the criteria of, any Listings. (Tr. 17). The ALJ considered the specific requirements of Listing 1.02, as well as the introductory language of section 9.00, which pertains to endocrine disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. I agree that no Listings are met. Listing 1.02 requires the claimant to show major dysfunction of a joint characterized by several criteria, including, "gross anatomical deformity," "chronic joint pain and stiffness," and "joint space narrowing, bony destruction, or ankylosis of the affected joint(s)." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02. Subpart A requires a showing of involvement of one major peripheral weight-bearing joint, "resulting in inability to ambulate effectively." *Id.* An inability to ambulate effectively is defined as "an extreme limitation of the ability to walk." *Id.* at § 1.00(B)(2)(b). Examples of ineffective ambulation include the inability to walk without the use of a walker, the use of two crutches or two canes, or the inability to carry out routine ambulatory activities, such as shopping and banking. *Id.* While some records evidence Ms. Jones's knee pain and mild joint space narrowing, *see* (Tr. 326, 329, 336, 351-52, 368, 371-72, 379, 424-30, 432-40, 442-55, 463-64), there are no records demonstrating an inability to ambulate effectively. Ms. Jones never used more than one cane, and she performed routine ambulatory activities such as shopping. *See* (Tr. 187) (noting that she goes to the hairdresser and grocery store); (Tr. 217) (noting that she goes grocery shopping); (Tr. 326) (noting that Ms. Jones was "able to walk without any assistive device"); (Tr. 369) (noting "cane" in the assessment and plan); (Tr. 393) (noting normal ambulation); (Tr. 398) (same).

Substantial evidence also supports the ALJ's finding that Ms. Jones's diabetes mellitus fails to meet the criteria described in the introductory language of section 9.00 of the Listings. The ALJ noted that Listing 9.08, which formerly pertained to diabetes mellitus, was deleted. (Tr.

17). Few records demonstrate Ms. Jones's diabetes mellitus, and it appears that the condition caused no complications and was treated effectively with dietary changes. *See* (Tr. 384, 386-87, 392, 395-96, 399).

At step four, the ALJ summarized Ms. Jones's subjective complaints. (Tr. 18). The ALJ did not find Ms. Jones's statements concerning the intensity, persistence, and limiting effects of her symptoms to be credible. *Id.* The ALJ noted that despite her complaints of severe bilateral knee pain, treatment notes from her current primary care physician show normal gait and motor strength. *See* (Tr. 18); (Tr. 385) (noting normal ambulation and motor strength); (Tr. 390) (noting normal motor strength, normal gait, and normal movement of all extremities); (Tr. 393) (noting normal motor strength); (Tr. 398) (noting normal ambulation). The ALJ also pointed to specific evidence to support the RFC assessment. The ALJ noted that a CPAP machine would likely resolve Ms. Jones's sleep apnea, and that the medical evidence of record revealed no diabetes-related complications. (Tr. 19). The ALJ also accommodated Ms. Jones's fibromyalgia and obesity by restricting her to light work. *Id.* The ALJ further summarized the opinion evidence from the reviewing and treating physicians. (Tr. 19). Specifically, the ALJ assigned "great weight" to the opinions of a state agency medical consultant, a consultative examiner, and a treating orthopaedic physician, all of whom opined that Ms. Jones is capable of performing light work. (Tr. 19). The ALJ properly assigned "little weight" to the severe findings of Ms. Jones's former primary care physician, Dr. DeCandis. *Id.* Dr. DeCandis opined that Ms. Jones could never walk, climb, bend, squat, reach, or crawl, and that she could sit or stand for at most one hour in an eight-hour work day. (Tr. 345, 416). The ALJ correctly noted that none of Dr. DeCandis's conclusions were supported by an explanation, or by medical records, and that the conclusions were wholly inconsistent with the medical evidence overall. (Tr. 19). My review of the ALJ's decision is limited to whether substantial evidence supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Jones's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, the substantial evidence cited above supports the RFC determination by the ALJ.

As part of step four, the ALJ must determine whether the claimant is capable of performing any past relevant work. Here, the ALJ heard testimony from the VE regarding the ability of a person with Ms. Jones's RFC assessment to perform work. (Tr. 43-49). The VE responded by identifying several positions, including a restaurant cashier and a host. (Tr. 45). The ALJ credited that testimony, finding that Ms. Jones could perform those jobs both as they are actually and generally performed. (Tr. 20). The ALJ's determination, therefore, was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge